**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 18, 2005
Decided August 10, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*


No. 04-3641

| | |
|---|---|
| RICHARD R. ROTHMAN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 02 C 3533 |
| CITY OF CHICAGO, et al., *Defendants-Appellees.* | Samuel Der-Yeghiayan, *Judge*. |


**ORDER**

Richard Rothman, who has been disbarred by the Supreme Court of Illinois, filed a blunderbuss action against state disciplinary officials and judges, the City of Chicago, real estate partnerships, and others. His claims are so weakly connected that the district court could have rejected the complaint and directed Rothman to separate his contentions into logically distinct suits. Instead, however, the court entered a series of opinions whittling down the complaint and eventually dismissing all of its claims. Rothman's appellate brief has abandoned most of his  contentions. The group of defendants to which Rothman devotes most of his current attention has moved for summary affirmance. After reviewing the briefs, we conclude that summary disposition is appropriate for the appeal as a whole.

Rothman's lead argument is that the district judge should not have acted on defendants' renewed motions to dismiss the complaint, because the Federal Rules of Civil Procedure do not authorize successive motions. But neither do the Rules forbid them, and Fed. R. Civ. P. 83(b) permits district judges to employ procedures that do

not contravene controlling law. Moreover, the argument is pointless: If, as the district court held, the complaint *is* substantively unavailing, what could be the point of a remand?

Although Rothman believes that his complaint is open-ended enough to request prospective equitable relief--the only kind that the Americans with Disabilities Act authorizes against Betancourt Realty Network and associated defendants under the circumstances narrated in the complaint (which we need not recount in this unpublished order)--that is beside the point, because the complaint conclusively shows that Rothman is not *entitled* to prospective relief. He does not want Betancourt to close the transaction to sell him a particular condominium unit (which it could not do, having sold the unit to someone else). He wants financial compensation, which the statute does not provide. (He does seek a declaratory judgment, but under the circumstances it would be nothing but an advisory opinion because it could not affect his future relations with this set of defendants.)

The request for relief against a state judge is barred by judicial immunity to the extent that Rothman wants damages and the doctrine of sovereign immunity (plus the *Rooker-Feldman* doctrine) to the extent that Rothman wants the federal court to direct the state judiciary or its attorney disciplinary agency and its officials to make specific rulings in ongoing litigation. At all events, the district court did not abuse its discretion in abstaining with respect to these matters.

Rothman's contention that the City of Chicago's condominium-conversion ordinance conflicts with federal law to the extent that it gives blind and deaf persons more time than persons with other disabilities to exercise a right of first refusal does not present a case or controversy within the scope of Article III. Rothman does not contend that he has (or is likely in the future to have) any right of first refusal to exercise, let alone that the difference between 180 days (allowed to blind or deaf persons) and 120 days (allowed to others) would matter. Instead he asserts a vision of standing in which anyone who disapproves of a statute may litigate about it. That is not the law. See, e.g., *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.*, 454 U.S. 464 (1982).

Finally, his contention that he has been obliged to counsel his clients to ignore federal law in favor of the local ordinance is puzzling--not only because he has been disbarred (so he has no ongoing interest in this issue) but also because he was free before his disbarment to counsel his clients to file suit to vindicate their own legal rights. Lawyers are agents, and they cannot sue in the own names to invoke the rights of the real parties in interest. See *Kowalski v. Tesmer*, 125 S. Ct. 564 (2004).

AFFIRMED.